IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

FELIPE OTEZE FOWLKES,

        Plaintiff,

    vs.                                                                     Civil Action No.
                                                             9:08-CV-1198 (LEK/DEP)

COMMISSIONER CHAUNCEY G. PARKER, *et al.*,

        Defendants.

---

APPEARANCES:                                             OF COUNSEL:

FOR PLAINTIFF:

FELIPE OTEZE FOWLKES, *Pro Se*
W9402
Souza-Baranowski Correctional Facility
P.O. Box 8000
Shirley, MA 01464

FOR DEFENDANTS:

HON. ANDREW M. CUOMO                     KEVIN C. HARKINS, ESQ.
Office of the Attorney General                   ADELE TAYLOR-SCOTT, ESQ.
State of New York                                       Assistant Attorneys General
The Capitol
Albany, NY 12224

GOLDBERG, SEGALLA LAW FIRM       JONATHAN BERNSTEIN, ESQ.
8 Southwoods Blvd., Suite 300                 WILLIAM J. GREAGAN, ESQ.
Albany, NY 12211-2526

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

Plaintiff Felipe Oteze Fowlkes, who is currently a Massachusetts prison inmate, commenced this action in the Southern District of New York in or about January of 2007 pursuant, *inter alia*, to 42 U.S.C. § 1983 alleging various constitutional deprivations.[1] Following the transfer of the action to the Eastern District of New York and the filing of motions by three distinct groups of defendants, the majority of plaintiff's claims were dismissed by that court for failure to state a cause of action, and the action was forwarded to this district for consideration of plaintiff's remaining claims. An appeal of that decision to the United States Court of Appeals for the Second Circuit is currently pending.

Since the transfer of the matter to this district, plaintiff has filed two applications, both of which have been referred to me for consideration. In the first, initially filed in the Eastern District of New York but forwarded to this court, plaintiff in essence seeks reconsideration of that court's decision dismissing certain of his claims and transferring the action. Dkt. No. 61. Plaintiff's second application requests that both I and Senior District Judge Lawrence E. Kahn recuse ourselves in the case, based

---

[1] It is difficult to ascertain from the court's records precisely when plaintiff's complaint, which is dated January 16, 2007, was first received in the Southern District of New York. *See* Dkt. No. 2.

upon plaintiff's dissatisfaction with decisions rendered in a prior action brought in this court. Dkt. No. 67.

Having considered plaintiff's request for orders of recusal, I find no basis to conclude that there is any appearance of partiality, bias, or prejudice, and therefore will decline plaintiff's invitation that I recuse myself, and recommend that District Judge Kahn do likewise. Turning to plaintiff's application seeking reconsideration, I conclude that while the court possesses the discretion to consider and deny the application, despite the pendency of plaintiff's appeal, it would be unwise and judicially inefficient to do so since the motion in essence would require this court to review the propriety of an order issued out of the Eastern District of New York, a task which will be undertaken by the Second Circuit.

I.     BACKGROUND

A significant component of plaintiff's claims in this action centers upon alleged retaliatory and conspiratorial conduct against him by defendant Daniel Keating, the Rensselaer County Sheriff, and members of the Troy City Police Department. Plaintiff attributes the conduct, which according to him has included burning down his home and falsely arresting and incarcerating him at the Rensselaer County Correctional Facility, initially to his race and his participation in "The Nation of Gods

3

and Earths: the Five Percent", characterized as a religious group by the plaintiff, but apparently viewed as a gang by law enforcement.  According to Fowlkes, defendants' retaliatory conduct persisted and worsened following the filing and pursuit of his claims in *Fowlkes v. Loveridge*, No. 97-CV-1503 (N.D.N.Y., filed Oct. 16, 1997), against several Rensselaer County defendants, including the Sheriff and a number of employees of the correctional facility.

Another segment of plaintiff's complaint in this action concerns his designation as a level three sex offender under New York's Sex Offender Registration Act ("SORA"), N.Y. CORRECT. LAW § 168 *et seq*.  Plaintiff attributes that designation to a scheme calculated to target him "for selective and discriminatory prosecution on sex crimes in Staten Island, Troy, Albany and Schenectady, New York, and in Pittsfield Massachusetts."   Complaint (Dkt. No. 2) ¶ 6 (13), (14).

II.   PROCEDURAL HISTORY

Plaintiff commenced this action in the United States District Court for the Southern District of New York; the matter was subsequently transferred to the Eastern District by order entered on March 5, 2007. Dkt. Nos 2, 3.[2]  In response to plaintiff's complaint, following arrival of the

---

[2]   In his recusal motion, plaintiff asserts that the action was brought in the Eastern District of New York.  *See* Recusal Motion (Dkt. No. 67) ¶ 5.

action in the Eastern District, three motions were filed on behalf of the various defendants, who can all loosely be placed into one of three categories, including 1) those affiliated with the New York State Department of Correctional Services (the "DOCS"); 2) employees of the New York State Division of Criminal Justice Services (the "DCJS"); and 3) Rensselaer County Sheriff Daniel Keating and various other county employees.  Dkt. Nos. 20, 41, 45.  In their motions, defendants sought dismissal of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and a transfer the action to this court pursuant to 28 U.S.C. §§ 1391(b) and 1404(a).  As a result of those motions, which plaintiff vigorously opposed, District Judge Nina Gershon issued an opinion and order dated November 7, 2008 in which she granted dismissal of all of plaintiff's claims with the exception of a portion of those against the county defendants, leaving intact plaintiff's claim of retaliation based upon those defendants' alleged interference with Fowlkes' ability to prosecute his claims in *Fowlkes v. Loveridge.*  Dkt. No. 50, *slip op.* at 14-24, 25.  Judge Gershon's order also directed the transfer of the action to this court in view of the fact that the remaining claims implicate matters arising in this district.  *Id.* at 24-25.

      The case was subsequently forwarded to the court, pursuant to

Judge Gershon's order, and received by the clerk on November 7, 2008. *See* Dkt. No. 52. Since that transfer, plaintiff has filed a notice of appeal of Judge Gershon's order and resulting partial judgment to the United States Court of Appeals for the Second Circuit. Dkt. No. 62. Plaintiff has also sought "amendment" of the judgment, purporting to invoke Rules 52(b) and 59 of the Federal Rules of Civil Procedure (Dkt. No. 61), and additionally has requested recusal of both myself and Senior District Judge Lawrence E. Kahn, based upon our involvement with *Fowlkes v. Loveridge* (Dkt. No. 67). Plaintiff's motions have been referred to me for consideration, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.  DISCUSSION

    A.  Jurisdiction

        1.  Effect of Transfer on Reconsideration Motion

The first, threshold issue to be addressed is whether plaintiff's motion for reconsideration, which is configured as a motion for amendment of the judgment and was originally submitted to the Eastern District of New York, should properly go before that court, out of which the challenged decision was issued, or instead should be considered in this district, where the action now reposes. Neither the plaintiff in his motion,

nor the defendants in their response, have addressed this issue.

Once an action has been ordered transferred from one district to another pursuant to 28 U.S.C. § 1404(a), and the transfer has been effectuated through the docketing of papers in the receiving court, the transferring court is divested of all jurisdiction in the matter, including over any subsequent motions for reconsideration. *Northwest Airlines Corp. v. City of Los Angeles,* Nos. 05-17930, 07 Civ. 2677, 2008 WL 4755377, at *3-4 (S.D.N.Y. Oct. 28, 2008); *see also Jones v. Infocure Corp.,* 310 F.3d 529, 533 (7th Cir. 2002) ("[A] district court relinquishes all jurisdiction over a case when it is transferred to another district court."). Accordingly, the appropriate course for a party wishing to seek relief from a transfer order in the transferring forum is to move for a stay of the transfer prior to the implementation of the transfer order; if the stay is granted, the transferor court retains jurisdiction. *Northwest Airlines Corp.*, 2008 WL 4755377, at *4. Without obtaining such a stay, a party may not seek reconsideration of a transfer order in the transferring court once the transfer has been implemented. *Drabik v. Murphy,* 246 F.2d 408, 409 (2d Cir. 1957).

In light of the fact that plaintiff's motion for amendment of the judgment was not filed prior to implementation of the transfer of the action on November 7, 2008, plaintiff's request has been forwarded to this court,

which is left with the potentially unenviable task of reconsidering an order issued out of another court.

### 2. Effects of Pending Appeal

The next issue to be addressed is what effect, if any, plaintiff's appeal of Judge Gershon's decision has upon this court's power to address his application to revisit that order. This is similarly an issue which neither the plaintiff nor the county defendants have addressed in their papers.

"As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over the action." *Stewart Park and Reserve Coalition, Inc. (SPARC) v. Slater,* 374 F. Supp. 2d 243, 250 (N.D.N.Y. 2005) (collecting cases and citing, *inter alia, Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir. 1992) (*per curiam*)). As one of several limited exceptions to this general rule, it is well established that a district court may entertain and deny a motion for amendment or reconsideration of an order notwithstanding the pendency of an appeal from that order. *Id.* at 251; *see also Toliver,* 957 F.2d at 49; *Selletti v. Carey*, 173 F.3d 104, 108-109 (2d Cir. 1999). If, however, a district court contemplates granting a Rule 60(b) motion for reconsideration of an appealed order, it may not do so without the movant seeking permission and remand of the case from

8

the appellate court, since to do otherwise would be inefficient and would waste precious judicial resources, potentially resulting in two courts working at cross purposes. *Toliver,* 957 F.2d at 49.

Although styled as a motion to amend the November 7, 2008 order pursuant to Rules 52(b) and 59 of the Federal Rules of Civil Procedure, plaintiff's motion is more appropriately construed as seeking reconsideration of that determination under Rule 60(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 7.1(g). As such, it appears to be both untimely and lacking in merit, providing ample basis for this court to deny the motion. *Toliver,* 957 F.2d at 49 ("[T]he district court *can* entertain and deny the rule 60(b) motion[.]" (emphasis added)); *SPARC*, 374 F. Supp. 2d at 251 (same). Nonetheless, since the motion challenges an order issued out of another court, and which is under appellate review, I recommend that the court exercise its discretion to hold plaintiff's motion for reconsideration in abeyance pending issuance of the Second Circuit's decision disposing of plaintiff's appeal.

B.   Recusal

Plaintiff also seeks recusal of both myself and Senior District Judge Lawrence E. Kahn in this matter, claiming a lack of fairness and

impartiality. Defendants have taken no position regarding this application by the plaintiff.

Plaintiff's motion implicates 28 U.S.C. §§ 144 and 455, under which a federal judge may be disqualified from a particular matter based upon an appearance of partiality, bias, or prejudice. *Jemzura v. Publ. Serv. Comm'n*, 961 F. Supp. 406, 410 (N.D.N.Y. 1997) (McAvoy, C.J.). Under section 144, a judge may be required to recuse himself or herself based upon "personal bias or prejudice against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Section 455 warrants recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned" or where a judge has "a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a) and (b)(1). Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes. *Jemzura*, 961 F. Supp. at 410 (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). A party may request that another judge be assigned to the matter by filing an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]" 28 U.S.C. § 144. Whether an appearance of impartiality exists is an objective question "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins.*

10

*Co.*, 343 F.3d 120, 127 (2d Cir. 2003).

The Supreme Court has emphasized that where grounds for recusal are comprised of "judicial rulings [and] routine trial administration efforts," recusal is inappropriate absent proof that those rulings either "relied upon knowledge acquired outside such proceedings [or] displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556, 114 S. Ct. 1147, 1158 (1994); *see also Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y. 1997) (Scullin, J.) (quoting *Liteky*). In short, the mere rendering of adverse rulings against a party is an insufficient basis upon which to find the appearance of bias. *In re IBM Corp.*, 618 F.2d 923, 929 (2d Cir. 1980); *Mirra v. United States*, 379 F.2d 782, 787-88 (2d Cir. 1967).

I have reviewed plaintiff's allegations of bias and impartiality, which I note are unsworn, and find that they are set forth in wholly conclusory and speculative terms, and appear to center principally upon his mere disagreement with prior rulings. As has already been noted such allegations, standing alone, do not warrant recusal. *See In re IBM Corp.*, 618 F.2d at 929. While plaintiff alleges partiality based upon suspected personal familiarity of the judges involved in the *Loveridge* matter with counsel of record, that claim is purely speculative, without any factual

11

support offered beyond plaintiff's sheer surmise. While counsel of record in *Fowlkes v. Loveridge* may be known to the judges involved, the mere acquaintanceship by a judge with an attorney of record in the case does not, in and of itself, provide a basis for recusal. *See generally Bailey v. Broder*, No. 94 Civ. 2394, 1997 WL 73717 (S.D.N.Y. Feb. 20, 1997).

Plaintiff's allegations in support of this request for recusal represent nothing more than wild suspicion regarding any acquaintances and their impact upon court rulings in his case. While the plaintiff is obviously dissatisfied with rulings made in the *Loveridge* litigation, those adverse determinations, without more, do not demonstrate "a high degree of favoritism or antagonism" toward the plaintiff such that the impartiality of either Judge Kahn or myself could reasonably be questioned. *Liteky,* 510 U.S. at 555, 114 S. Ct. at 1157. Finding no merit to plaintiff's request for recusal, I deny plaintiff's application for that relief in connection with my role in this matter, and recommend that District Judge Kahn similarly reject efforts toward his recusal.

## III. SUMMARY AND CONCLUSION

This action, which was recently transferred to this court for resolution of plaintiff's remaining claims, is currently on appeal to the Second Circuit. Since that court, if it assumes jurisdiction, will be

reviewing the decision and order from the Eastern District of New York dismissing a large portion of plaintiff's claims and transferring the matter to this court, I find that it would be judicially imprudent for this court to similarly review Judge Gershon's order based upon plaintiff's motion to alter or amend the resulting judgment. Turning to plaintiff's request for recusal of the district judge and magistrate judge assigned to this case, I find no basis to question either judicial officer's impartiality or fairness and therefore decline plaintiff's invitation to recuse myself, and recommend that Senior District Judge Kahn do likewise. Based upon the foregoing, it is hereby

RECOMMENDED, that plaintiff's motion for amendment of the judgment in this matter (Dkt. No. 61) be held in abeyance, and that this court defer a ruling on that matter until the Second Circuit Court of Appeals has issued a decision in connection with plaintiff's appeal; and it is further

RECOMMENDED that Senior District Judge Lawrence E. Kahn deny plaintiff's application for his recusal in this matter (Dkt. No. 67); and it is further

ORDERED, that plaintiff's request that I recuse myself in this action (Dkt. No. 67) is hereby DENIED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the clerk of the court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the clerk of the court serve a copy of this report, recommendation and order upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:     January 5, 2009
           Syracuse, NY