UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FELIPE OTEZE FOWLKES,

                Plaintiff,

   -against-                                       9:08-CV-1198 (LEK/DEP)

COMMISSIONER CHAUNCY G.
PARKER, *et al.*,

                Defendants.

**DECISION AND ORDER**

      This matter comes before the Court following a Report-Recommendation filed on January 5, 2009, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 71). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Felipe Oteze Fowlkes and the Affidavit in Opposition to Plaintiff's Objection by Defendants which were filed on January 12 and January 14, 2009, respectively. Objections (Dkt. No. 73); Aff. in Opp. (Dkt. No. 74).

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation

1

should be approved in part and modified in part, as outlined below.

This Court approves and adopts the section of the Report-Recommendation regarding recusal. Dkt. No. 67.

This Court modifies the section of the Report-Recommendation that recommends Plaintiff's Motion for amendment be held in abeyance and a ruling be deferred until the Second Circuit has ruled on the Plaintiff's Appeal. Motion (Dkt. No. 61); Notice of Appeal (Dkt. No. 62). As the Report-Recommendation recognized, while Plaintiff's Motion to amend is brought under Federal Rules of Civil Procedure 52(b) and 59, it "is more appropriately construed as seeking reconsideration of that determination under Rule 60(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 7.1(g)." Report-Rec. at 9 (Dkt. No. 71). Plaintiff's Motion is therefore construed as a Rule 60(b) motion.

Although the filing of a notice of appeal normally "ousts the district court of jurisdiction," the district court may, in the interest of judicial economy, deny a Rule 60(b) motion without first seeking remand from the circuit court. Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (quoting Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962)); Ryan, 303 F.2d at 434.

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). There are only three possible grounds upon which motions for reconsideration may be granted: "(1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need

2

to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983)). However, a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

In his Motion for amendment, Plaintiff reiterates his prior arguments to the Court, namely that he was registered as a risk level 3 sex offender by the Defendants rather than by the sentencing court. Motion at 2 (Dkt. No. 61). These arguments were previously considered and ruled on by the Eastern District of New York. Eastern District Order at 18-20 (Dkt. No. 50). The Eastern District found that Plaintiff's claim that he had been erroneously registered as a sex offender by the Defendants in violation of New York's Sex Offender Act was time barred. Id. at 19. That Court also found that Plaintiff's claim failed because he was unable to show personal involvement as required for a §1983 claim. Id. at 19-20. The Plaintiff has failed to present any intervening change of law or new evidence that was not previously available. The Plaintiff has also not shown any clear error of law or any evidence of a manifest injustice that this Court needs to correct. Because a motion for reconsideration is not to be used to relitigate an issue, and the Plaintiff has not presented any other grounds for granting the motion, Plaintiff's Motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 71) is **APPROVED and ADOPTED in PART and MODIFIED in PART**; and it is further

**ORDERED**, that Plaintiff's Motion for amendment of the judgment in this matter (Dkt. No. 61) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for this Court's recusal in this matter (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:	February 03, 2009
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge