UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FELIPE OTEZE FOWLKES,

                              Plaintiff,

    -against-                                    9:08-CV-1198 (LEK/DEP)

ROBERT LOVE RIDGE; HAROLD
SMITH; ANTHONY PATRICELLI;
JOHNNY MAE; OFFICER ALDRICH;
DANIEL KEATING; and UNKNOWN
NAMED MEMBERS OF THE TROY
CITY POLICE DEPARTMENT,

                              Defendants.

**DECISION and ORDER**

This matter comes before the Court following a Report-Recommendation filed on September 9, 2011 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No. 115).  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Defendants Robert Loveridge, *et al*. ("Defendants"), which were filed on September 16, 2011, and the Objections by Plaintiff Felipe Oteze Fowlkes ("Plaintiff"), which were filed on September 21, 2011.  Dkt. Nos. 116 ("Defendants' Objections"); 118 ("Plaintiff's Objections").

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid

v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has considered the objections and undertaken a *de novo* review of the record, and has determined that the Report-Recommendation should be approved and adopted in its entirety.

Plaintiff first argues that he was in imminent danger of serious physical injury at the time that he filed his Complaint, and should therefore be allowed to proceed *in forma pauperis* ("IFP"). Pl.'s Obj. at 1-3; see 28 U.S.C. § 1915(g). Although Plaintiff largely restates arguments made in his Response to Judge Peebles' Order to show cause why his IFP status should not be revoked (Dkt. No. 114), he also attempts to establish a nexus between his claims and the imminent danger he alleges. See Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). However, the Court has reviewed the relevant portions of the Report-Recommendation *de novo*, and adopts Judge Peebles' finding that no such nexus exists.[1]

---

[1] The Court further finds that Plaintiff has not shown that a "favorable judicial outcome would *redress*" the imminent danger he alleges. Pettus, 554 F.3d at 298 (emphasis in original). At the time he filed his Complaint, Plaintiff claimed that he was a target for threats and attacks at the Massachusetts correctional facility in which he was incarcerated due to his erroneous sex offender registration status. Complaint (Dkt. No. 2) ¶ 30. However, because (1) none of the Defendants are employed at the Massachusetts correctional facility; and (2) no claim currently before the Court relates to Plaintiff's sex offender registration status (see Dkt. No. 50), no judicial outcome could redress Plaintiff's alleged risk of injury. The Court also notes that the Massachusetts correctional facility had assigned Plaintiff to protective custody status by the time he filed his Complaint, and that Plaintiff was still classified as such when he filed his recent Objections. Compl. ¶ 30; Pl.'s Obj. at 3. Although this bolsters Plaintiff's claim that he had been in danger of serious physical injury at some earlier point, it suggests that such danger had dissipated by the time his Complaint was filed. See Pettus, 554 F.3d at 296 ("a three-strikes litigant is not excepted from the filing fee if he alleges a

Plaintiff also argues that Judge Peebles erred in revisiting the IFP determination initially made by Magistrate Judge Lois Bloom in the Eastern District of New York. Pl.'s Obj. at 3-4; see Order granting IFP status (Dkt. No. 5). However, a prisoner's eligibility to proceed IFP pursuant to § 1915(g) is a matter that may be raised by the Court *sua sponte*, even after an initial IFP application has been granted. See Harris v. City of New York, 607 F.3d 18, 23 (2d Cir. 2010).

Defendants argue that Plaintiff should not be permitted to proceed so long as he pays the $350 statutory fee; rather, they ask that Plaintiff's Complaint be dismissed with prejudice at this juncture. Defs.' Obj. at 1. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), a district court has the power to dismiss a case at any time after a determination that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune individual. However, the Court declines to make such a determination at this time, and instead adopts Judge Peebles' recommendation to defer review of the pending Motion for summary judgment (Dkt. No. 106) until after Plaintiff has paid the required filing fee.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 115) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED**, that Plaintiff's IFP status be revoked and that his Complaint (Dkt. No. 2) be conditionally dismissed unless, within thirty (30) days of the filing of this Order,[2] he pays the applicable $350 filing fee in full; and it is further

---

danger that has dissipated by the time a complaint is filed").

[2] This 30-day deadline runs from the date of filing of the present Order, as opposed to the date that the Report-Recommendation was filed.

3

**ORDERED**, that if Plaintiff pays the full filing fee within the required time period, the Clerk is directed to return the file to the Court for review of the pending Motion for summary judgment (Dkt. No. 106); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    October 11, 2011
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge